**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARNARD CONSTRUCTION COMPANY, INC., | No.   17-71838 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| U.S. DEPARTMENT OF LABOR, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Labor

Submitted June 7, 2018[**]
Portland, Oregon

Before:  GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

Barnard Construction Company, Inc. ("Barnard"), a company based in

Bozeman, Montana, petitions for review of an order of the Occupational Safety

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

and Health Review Commission ("Commission") dismissing its petition for discretionary review from an administrative law judge's ("ALJ") finding that Barnard violated 29 C.F.R. § 1926.303(c)(2).

We have jurisdiction to hear the petition under 29 U.S.C. § 660(a), and "we review the Commission's findings for substantial evidence." R. Williams Constr. Co. v. Occupational Safety & Health Review Comm'n, 464 F.3d 1060, 1063 (9th Cir. 2006); see also 29 U.S.C. § 660(a) ("The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."). Because the merits of petitioner's case were heard by the ALJ and the Commission, petitioner has exhausted all administrative remedies. 29 U.S.C. § 660(a).

As an initial matter, Barnard claims that the ALJ erred by applying an "available for use" test to the violation of § 1926.303(c)(2), rather than the "in use" test, which the ALJ applied to the violation of § 1926.303(c)(1). Before the Commission, Barnard argued that, applying the Commission's "available for use" test to the facts of the case, it had not violated § 1926.303(c)(2). But Barnard never claimed, with reference to the regulatory provisions on which it now relies, that the ALJ should have applied an entirely different legal test—i.e., the "in use" test. Because Barnard failed to raise this issue in its petition for discretionary review to the Commission, the argument has been waived. See 29 U.S.C. § 660(a)

2

(providing in relevant part that "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances"); see also Lloyd C. Lockrem, Inc. v. United States, 609 F.2d 940, 942 (9th Cir. 1979) ("Under normal circumstances, a party must exhaust its remedies before it can obtain judicial review of an agency decision.").

On the merits of petitioner's claim, substantial evidence supports the ALJ's finding that Barnard violated § 1926.303(c)(2). Section 1926.303(c)(2) provides that floor and bench-mounted grinders, used by petitioner in its welding process, "shall be kept at a distance not to exceed one-eighth inch from the surface of the wheel." After an inspection, the Secretary charged Barnard with violating this provision. The only issue raised by the petition is whether employees had access to the hazardous condition. Under longstanding Commission precedent, access may be demonstrated when defective equipment is "available for use" by employees. Gilles & Cotting, Inc., 3 BNA OSHC 2002, 2004 (No. 504, 1976). Put differently, even if a piece of equipment is not "in use" at the time of an inspection, the Secretary may issue a citation if "the defective equipment [is] located where employees could gain access to it and use it in the course of their normal duties." Pa. Steel Foundry & Mach. Co., 12 BNA OSHC 2017, 2030–31 (No. 78-638, 1986).

Substantial evidence supports the ALJ's finding that the defective bench grinder was "available for use" by employees. Even if the bench grinder at issue was taken out of service, as petitioner contends, the grinder remained in its normal location—the welding shop—where it was used intermittently by employees in the course of their normal duties. The grinder was not tagged as inoperable, removed from the worksite, or otherwise marked as out of service. Because Barnard did not "manifest[]" its intent to remove the equipment from use through "overt acts which . . . denied accessibility to the equipment by the employees," Gilles & Cotting, 3 BNA OSHC at 2005, substantial evidence supports the ALJ's conclusion that Barnard violated § 1926.303(c)(2).

**Petition DENIED**.